**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**KEVIN CHISM**                                                                                       **PETITIONER**

**VS.**                        **CASE NO. 2:17CV00170 JLH/PSH**

**GENE BEASLEY, Warden,
Forrest City Low**                                                                                   **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes . You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Kevin Chism ("Chism"), an inmate at the federal penitentiary in Forrest City, Arkansas, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. Chism alleges: (1) his due process and equal protection rights were violated by a prison Disciplinary Hearing Officer ("DHO") who did not allow a staff member to accompany Chism during a disciplinary hearing; (2) new evidence is now available which would undermine the credibility of the of the officer who charged Chism with a disciplinary violation; and (3) the Bureau of Prisons ("BOP") has prevented Chism from obtaining administrative relief. For relief, Chism asks for expungement of the incident report, restoration of 41 days of good time, return of custody status as minimum security, clearing of the incident from the central file, and provision of a copy of the job performance report for the officer who charged Chism with the violation.

The respondent, Warden Gene Beasley ("Beasley"), requests that the petition be dismissed

as moot.

From the documents provided by Chism and Beasley, the following timeline may be constructed:

*August 15, 2016.*   Chism is cited for a disciplinary violation by Officer L. Perry. The charge is possession of a hazardous tool (a cellphone).  Petition, page 18.

*August 31, 2016.*   The disciplinary hearing occurs.  (The incident and the hearing occurred at the federal prison in Terre Haute, Indiana.  Chism was later transferred to Forrest City, Arkansas.)  Petition, page 18.

*September 16, 2016.*   The DHO issues his report finding Chism guilty as charged and fixing his punishment as follows: disallowance of 41 days good conduct time, 30 days disciplinary segregation, 180 days loss of commissary, e-mail, and phone privileges.  Petition pages 17-19.

*December 14, 2016.*   Chism's appeal of the disciplinary charge conviction is denied.  Petition, page 16.

*September 20, 2017.*   Chism signs his petition for writ of habeas corpus, and the petition is filed with this Court five days later.  Petition, pages 1, 5.

*December 19, 2017.*   Chism's August 2016 incident report is expunged, his good conduct time is restored, and his security classification is changed from low to minimum.  See affidavit of James D. Crook, Supervisory Attorney at the United States Department of Justice, BOP.  Docket entry no. 7-2, pages 1-2.

**Analysis**

Chism's claims may be neatly divided into two categories: one, his claims which relate to proper credit and calculation of his good time and release date from custody; and two, claims which relate to all other issues, including his classification level.  Since Chism requests relief pursuant to 28 U.S.C. § 2241, only those claims in the first category are properly before the Court.  A section 2241 action attacks the fact or duration of an inmate's confinement and seeks either immediate

release or a shortened period of confinement. *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809 (8th Cir. 1997). In contrast, allegations targeting the conditions of confinement, including an inmate's security level classification, must be pursued in a civil rights action. *Id. at 812*. *See also, e.g., Stanko v. Quay*, 368 Fed.Appx. 208 (10th Cir. 2009) (security classification and erroneous assignment of criminal history score were properly raised in a civil rights, not habeas corpus, action). As a result, all of Chism's claims fitting in the second category, such as his request for a change in his security level and provision of certain documents, are dismissed as improperly brought in a habeas corpus action.

As for the claims properly raised in a habeas corpus action, the proper pleading of these claims does not mean that they remain to be decided. Here, Chism asks that his incident report be expunged and his good time (41 days) be restored. Both of these requests, which purportedly could affect the time to be served by Chism, have been fulfilled by the BOP's December 19, 2017, action. Docket entry no. 7-2, page 1. Therefore, there remains no relief to be awarded Chism which he has not already received, and he no longer has a personal stake in the outcome of this lawsuit. The Constitution, Article III, provides federal courts have jurisdiction over *ongoing* cases and controversies. When, as in this instance, the circumstances change and there is no longer a controversy to be resolved, the case is moot. *Spencer v. Kamna*, 523 U.S. 1 (1998); *Beck v. Missouri High Sch. Activities Ass'n*, 18 F.3d 604 (8th Cir. 1994).

Based upon the foregoing, we recommend the case be dismissed and the relief requested be denied.

IT IS SO ORDERED this 22nd day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE